UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CALEB ALEXANDER RANNEY,

Defendant.

Case No. 25-cr-00416-TSH-1

**[TENTATIVE] ORDER RE:  MOTIONS IN LIMINE**

Re: Dkt. Nos. 37, 38

The Court issues this tentative order on the parties' motions *in limine* to help focus the parties' arguments at the upcoming July 9, 2026, pretrial conference.

## I.    INTRODUCTION

The United States Attorney's Office (the "Government") charged Defendant Caleb Alexander Ranney with two criminal offenses:  (1) Assault on a Federal Officer (violation of 18 U.S.C. § 111(a)(1)); and (2) Destruction of Government Property (violation of 18 U.S.C. § 1361). ECF No. 1.  The case is set to proceed to jury trial on July 27, 2026.  ECF No. 21.  Pending before the Court are sixteen motions *in limine*, ten from the Government and six from Ranney.  ECF Nos. 37, 38.  Having considered the parties' arguments, the Court rules as follows.

## II.    BACKGROUND

On December 5, 2025, the Government filed an Information charging Ranney with Assault on a Federal Officer (Count 1), alleging Ranney

> forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a person designated in 18 U.S.C. § 1114, to wit: Immigration and Customs Enforcement Deportation Officer Victim One, an officer and employee of the United States and of any agency in any branch of the United States Government, while he was engaged in and on account of his performance of official duties, all in violation of Title 18, United States Code, Section 111(a)(1).

United States District Court
Northern District of California

ECF No. 1.  The Government also charged Ranney with Destruction of Government Property (Count 2), alleging Ranney

> willfully injured and committed a depredation against property of the United States and of any department and agency thereof, specifically a sally port located on the Jackson Street side of the building at 630 Sansome Street in San Francisco, California, causing damage in an amount less than $1,000, all in violation of Title 18, United States Code, Section 1361.

*Id.*  The Government alleges that Ranney committed these two offenses "[o]n or about August 8, 2025, in the Northern District of California."  *Id.*  On December 19, 2025, Ranney was arraigned and entered a plea of not guilty on both Counts of the Information.  ECF No. 2.

In preparation for their upcoming trial, the parties each filed motions *in limine* on June 24, 2026.  The Government filed ten Motions *In Limine*.  ECF No. 37 ("Gov't's Mot.").  On July 1, 2026, Ranney filed an Opposition.  ECF No. 41 ("Def.'s Opp.").  Ranney filed six Motions *In Limine*.[1]  ECF No. 38 ("Def.'s Mot.").  On July 1, 2026, the Government filed an Opposition. ECF No. 43 ("Gov't's Opp.").

### III.    LEGAL STANDARD

#### A.    Motions *In Limine*

Motions *in limine* are a "procedural mechanism to limit in advance testimony or evidence in a particular area."  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  Like other pretrial motions, motions *in limine* are "useful tools to resolve issues which would otherwise clutter up the trial."  *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Accordingly, "a ruling on a motion *in limine* is essentially a preliminary opinion that falls entirely within the discretion of the district court."  *Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (explaining that a court may rule *in limine* "pursuant to the district court's inherent authority to manage the course of trials").  However, "[a] motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such

---

[1] Ranney filed his Motions *In Limine* on June 24, 2026.  *See* ECF No. 29.  On June 30, 2026, Ranney filed corrected Motions *In Limine* which the Court treats as Ranney's operative Motions. *See* ECF No. 38.

motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

In many instances, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016). For example, in order to exclude evidence on a motion *in limine*, "the evidence must be inadmissible on all potential grounds." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014). Thus, denial of a motion *in limine* to exclude certain evidence does not mean that all evidence contemplated by the motion will be admitted, only that the court is unable to make a comprehensive ruling in advance of trial. *Id.* Moreover, even if a district court does rule *in limine*, the court may "change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *City of Pomona*, 866 F.3d at 1070; *see also Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

## B.     Federal Rules Of Evidence 401, 402, And 403

The Federal Rules of Evidence provide that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 402. Evidence is "relevant" if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action." *Id.* at 401. "Irrelevant evidence is not admissible." *Id.* at 402. A "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* at 403.

## IV.   DISCUSSION

The Government brings ten Motions *In Limine* requesting that the Court (1) exclude references to punishment or collateral consequences; (2) preclude Ranney from eliciting jury sympathy or nullification; (3) exclude witnesses from the courtroom; (4) establish a procedure for *Henthorn* inquiries; (5) preclude defense counsel from expressing personal opinions; (6) preclude

United States District Court
Northern District of California

United States District Court
Northern District of California

references to other Immigration and Customs Enforcement ("ICE") incidents or policies; (7) prohibit Ranney from presenting certain defenses; (8) admit evidence of property seized from Ranney and exclude evidence or testimony regarding post-offense conduct; (9) exclude evidence and testimony regarding the other individual arrested; and (10) prohibit Ranney from claiming that he has been unfairly singled out. Gov't's Mot. at 2–16.

Ranney brings six Motions *In Limine* requesting that the Court (1) exclude witnesses from the courtroom; (2) permit the Government to designate only one case agent; (3) exempt the defense investigator from witness exclusion orders; (4) designate all Government witnesses as under defense subpoena; (5) exclude "other acts" evidence; and (6) dismiss the Information, or alternatively impose sanctions for physical evidence lost by the Government. Def.'s Mot. at 1–18.

**A.      The Government's Motions *In Limine***

Overall—in its ten Motions *In Limine*—the Government seeks to exclude evidence, to admit evidence, to exclude witnesses from the courtroom, and to bar Ranney from presenting certain defenses. *See generally* Gov't's Mot. The Court addresses each of the Government's Motions *In Limine* in turn below.

**1.      Motion *In Limine* No. 1**

The Government argues that Ranney "should not be permitted to reference punishment or collateral consequences in front of the jury" because it is "irrelevant and unfairly prejudicial." Gov't's Mot. at 2:14–4:2. Ranney contends that this motion is moot because he "does not intend to refer to punishment or sentencing." Def.'s Opp. at 1:5–11.

Here, the Government requests the Court preclude "any reference by the defense to [Ranney's] potential sentence or punishment, including any reference to the potential collateral consequences of conviction, during all phases of trial." Gov't's Mot. at 2:14–4:2; *see United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."). Specifically, the Government argues that Ranney should be precluded from referencing consequences a conviction may have on his "future professional or educational prospects." Gov't's Mot. at 2:14–4:2. Ranney responds that he does not intend to make such references and

United States District Court
Northern District of California

will seek the Court's leave before doing so, "for example if the government opens the door." Def.'s Opp. at 1:5–11.

Accordingly, the Court **GRANTS** the Government's Motion *In Limine* No. 1.  Ranney shall not make any references to punishment, sentencing, or collateral consequences of conviction. If Ranney believes that conduct at trial justifies any such references, such as the Government opening the door, he shall seek leave of Court before making such a reference.

### 2.      Motion *In Limine* No. 2

The Government argues that Ranney "should not be permitted to elicit jury sympathy or nullification" because it is "irrelevant and unfairly prejudicial."  Gov't's Mot. at 4:3–6:2.  Ranney contends that "neither party should make improper arguments" and certain evidence relating to Ranney and witness credibility is admissible.  Def.'s Opp. at 1:12–3:22.

Here, the Government requests the Court "bar the defense from referring to Ranney's personal circumstances or topics designed to elicit jurors' sympathy or encourage nullification because such topics do not bear on the defendant's guilt or innocence of the charged crimes." Gov't's Mot. at 5:25–28.  Ranney "does not intend to offer evidence or make arguments seeking jury nullification."  Def.'s Opp. at 1:15.  Ranney contends that it is improper to exclude evidence of his personal circumstances as they may be relevant to his actions and motivations.  *Id.* at 1:23–28.  The Court agrees that a blanket rule excluding evidence or references to Ranney's personal circumstances is improper.  *Cf. United States v. Kopankov*, No. 19-cr-00178-JSC-1, 2023 WL 3182949, at *1 (N.D. Cal. May 1, 2023) (denying request to exclude references to defendant's personal circumstances as they "could be relevant to an affirmative defense").  The Court also agrees with Ranney that the Government's motion is vague.  *Cf.* Order on Motions *in Limine* (ECF No. 52), *United States v. Quezadas*, No. 25-cr-0319-NC, at *3 (N.D. Cal. Nov. 11, 2025) (deferring motion *in limine* "to preclude inappropriate jury nullification arguments" "for consideration of objection to specific evidence or argument").

Accordingly, the Court **GRANTS IN PART** the Government's Motion *In Limine* No. 2. Ranney shall not make references to jury nullification, including any arguments or suggestions that the jury not follow the law.  *Cf. Kopankov*, 2023 WL 3182949, at *1.  The Court denies the

United States District Court
Northern District of California

remainder of this motion.  The Government may renew this motion at trial when objecting to specific questions.

### 3.    Motion *In Limine* No. 3

The Government argues that under Rule 615, "all fact witnesses except the case agent should be excluded from the courtroom and trial testimony should be restricted."  Gov't's Mot. at 6:3–11.  Ranney does not oppose this motion, but contends that defense investigator, Catherine Goulet, should be exempted from the exclusion order.  Def.'s Opp. at 3:23–4:4.

Rule 615 of the Federal Rules of Evidence states:

> (a) Excluding Witnesses.  At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony.  Or the court may do so on its own.  But this rule does not authorize excluding:
>
> > (1) a party who is a natural person;
> >
> > (2) one officer or employee of a party that is not a natural person if that officer or employee has been designated as the party's representative by its attorney;
> >
> > (3) any person whose presence a party shows to be essential to presenting the party's claim or defense; or
> >
> > (4) a person authorized by statute to be present.
>
> (b) Additional Orders to Prevent Disclosing and Accessing Testimony.  An order under (a) operates only to exclude witnesses from the courtroom.  But the court may also, by order:
>
> > (1) prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom; and
> >
> > (2) prohibit excluded witnesses from accessing trial testimony.

Fed. R. Evid. 615.

Here, both parties request the Court exclude witnesses from the courtroom.  *See* Gov't's Mot. at 6:3–11; Def.'s Mot. at 1:9–2:5.  As such, the Court must issue an exclusion order.  Fed. R. Evid. 615(a).  Further, the Government requests the Court "prohibit, pursuant to Rule 615(b), disclosure of trial testimony to, or access to trial testimony by, witnesses excluded under Rule 615(a)."  Gov't's Mot. at 6:3–11.  Ranney does not oppose this request.  Def.'s Opp. at 3:23–4:4.

Accordingly, the Court **GRANTS** the Government's Motion *In Limine* No. 3 and excludes

United States District Court
Northern District of California

witnesses from all trial proceedings unless the witness is subject to an exception as discussed in this order.  The Court **ORDERS** that trial testimony shall not be disclosed to any witness subject to the exclusion order, and that any witness subject to the exclusion order shall not access trial testimony.

### 4.    Motion *In Limine* No. 4

The Government argues that "the Court should require the defense to proffer notice and a good-faith basis before any *Henthorn* inquiry."  Gov't's Mot. at 6:12–7:8.  Specifically, the Government requests the Court decide the admissibility of "any alleged prior misconduct by law enforcement officers" "prior to such questioning and outside the presence of the jury."  *Id.*  Ranney does not object "to following the standard practice in this District with regard [to] use of *Henthorn* material," but "objects to the government's proposed expansion of an offer of proof requirement beyond *Henthorn* material to citizen complaints or news reports."  Def.'s Opp. at 4:5–5:20.

"The Government refers to alleged misconduct as *Henthorn*-type material because under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), the Government must disclose 'the personnel files of testifying officers' if those files contain evidence that is 'favorable to the defense [and] meets the appropriate standard of materiality.'"  *United States v. Aiyaswamy*, No. 15-cr-00568-LHK-1, 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017) (quoting *Henthorn*, 931 F.2d at 30–31).

Here, the Government requests the Court require the defense "to make an offer of proof and offer of relevance regarding any alleged prior misconduct by law enforcement officers— including allegations based on citizen complaints or news reports—outside the presence of the jury before inquiring about such misconduct in front of the jury."  Gov't's Mot. at 6:12–7:8.  Ranney does not object to the procedure generally for *Henthorn* material but argues that "an express finding of untruthfulness in *Henthorn* materials (including a false statement, or a false report) **does not** require independent vetting by this Court before being a subject of discussion before the jury."  Def.'s Opp. at 4:11–27 (emphasis in original).  The Court agrees that this is the correct standard, as acknowledged by the Government.  *See* Gov't's Mot. at 7:1–5; *United States*

7

*v. Williams*, No. 3:13-cr-00764-WHO-1, 2017 WL 4310712, at *3 (N.D. Cal. Sept. 28, 2017) (requiring defendants to make an offer of proof and relevance "except where the question is regarding an express, sustained finding of untruthfulness, a false statement, or a false report"); *United States v. Cerna*, No. CR-08-0730-WHA, 2011 WL 838897, at *16 (N.D. Cal. Mar. 3, 2011) (ruling "that all *Henthorn* issues must be vetted with the Court in advance of questioning except where the question is regarding an express, sustained finding of untruthfulness, a false statement, or a false report").

Ranney further "objects to the government's proposed expansion of an offer of proof requirement beyond *Henthorn* material to citizen complaints or news reports." Def.'s Opp. at 4:28–5:20. Ranney does not cite any caselaw to support his proposition that these materials are not *Henthorn* material. In fact, one of Ranney's cited cases applied the procedure for *Henthorn* material to citizen complaints. *See Williams*, 2017 WL 4310712, at *3 ("The procedure will apply to unsustained citizen complaints as well, which may be admissible pending an analysis under Rule 403 if the evidence is relevant."); *see also United States v. Jones*, 123 F. App'x 773, 775 (9th Cir. 2005) (holding testimony "regarding conduct underlying citizen complaints about illegal searches" was relevant and admissible but could be excluded under Rule 403 "due to the inherently unreliable nature of unsustained complaints and the danger of confusing the issues and wasting time with mini-trials regarding the events underlying different complaints"). Therefore, given the danger of prejudice and unreliability associated with unsustained citizen complaints and news reports, the Court declines to exempt these materials from *Henthorn*-inquiry procedures.

Accordingly, the Court **GRANTS** the Government's Motion *In Limine* No. 4 as to the procedure for cross-examination on *Henthorn*-type materials with the caveat that Ranney is not required to proffer notice and an offer of proof for any *Henthorn* material that includes an express finding of untruthfulness, a false statement, or a false report. The Court establishes the following procedure. Ranney shall inform the Court and the Government outside the presence of the jury that questioning about *Henthorn*-type conduct will occur before such questioning begins. At that time, the Court will hear the Government's objections to the particular line of questioning and determine whether such questioning may occur. *Cf. Aiyaswamy*, 2017 WL 1365228, at *6.

8

**5.      Motion *In Limine* No. 5**

The Government argues that "defense counsel may not vouch or express personal opinions" because they are "irrelevant and improper for the jury to consider."  Gov.'s Mot. at 7:9–17.  Ranney contends that the Court should deny this motion and assume that both parties will follow the law.  Def.'s Opp. at 5:21–27.

Here, the Government argues that caselaw prohibits defense counsel from expressing personal opinions and personal beliefs regarding the defendant's guilt or innocence to the jury.  Gov.'s Mot. at 7:9–17; *see United States v. Young*, 470 U.S. 1, 8–9 (1985) ("Defense counsel, like the prosecutor, must refrain from interjecting personal beliefs into the presentation of his case.").  Ranney does not dispute these propositions.  Def.'s Opp. at 5:21–27.

Accordingly, the Court **GRANTS** the Government's Motion *In Limine* No. 5.  Defense counsel shall not express personal opinions to the jury.

**6.      Motion *In Limine* No. 6**

The Government argues that under Rule 403, Ranney "should not be permitted to reference other incidents involving ICE officers and civilians, or federal immigration enforcement policies and methods."  Gov't's Mot. at 7:18–8:5.  Ranney contends that such topics could be relevant to Ranney's defense.  Def.'s Opp. at 6:1–7:1.

Here, the Government argues that Rule 403 bars Ranney from making any references to other ICE incidents or policies because they "would mislead the jury or invite it to unduly sympathize with the defendant or nullify its verdict."  Gov't's Mot. at 7:20–25.  Ranney responds that the topics are relevant to the "credibility of ICE agents in this case," and "how the officers in this case reacted and behaved, and thus any threat perceived by [Ranney]."  Def.'s Opp. at 6:15–25.  The Court agrees with Ranney that these topics could be relevant to Ranney's defense and declines to issue a blanket order excluding references to entire topics.

Accordingly, the Court **DENIES** the Government's Motion *In Limine* No. 6.  The Government may renew this motion at trial when objecting to specific questions.

United States District Court
Northern District of California

9

### 7.    Motion *In Limine* No. 7

The Government argues that Ranney "should not be permitted to present the defenses of necessity, justification, self-defense, or defense-of-others" because "there is no evidence in the record or other grounds upon which to do so, and [Ranney] has not made the requisite proffer of evidence to support them." Gov't's Mot. at 8:6–11:26.  Ranney contends that he "does not intend to present the defenses of necessity or justification, and the Court should defer ruling on a self-defense or defense-of-others jury instruction until the close of evidence." Def.'s Opp. at 7:2–11:20.

"The term 'affirmative defense' has generally referred to defenses that must be affirmatively raised by the defendant and that are based on justifications or excuses for conduct that is otherwise criminal." *Aiyaswamy*, 2017 WL 1365228, at *6 (cleaned up).  "A district court may preclude a defense if the defendant fails to make a prima facie showing that he is eligible for the defense." *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010).  However, self-defense is different from other defenses.  In the Ninth Circuit, the Government must prove beyond a reasonable doubt that the defendant did not act in reasonable self-defense.  *United States v. Morsette*, 622 F.3d 1200, 1201–02 (9th Cir. 2010).  As such, "[w]hen there is evidence of self-defense, an additional element should be added to the [jury] instruction on the substantive offense." Comment to Ninth Circuit Model Criminal Jury Instruction 5.10 (Self-Defense).

Here, the Government asks the Court to determine that Ranney cannot meet the elements of an affirmative defense and "has no basis" for advancing such a defense.  Gov't's Mot. at 8:6–11:26.  Ranney does not intend to present the defenses of necessity or justification.  The Court agrees with Ranney that it should defer ruling on whether to give a jury instruction on self-defense and/or defense-of-others until the close of evidence, as this is consistent with the Ninth Circuit's Model Jury Instructions directing district courts to add a self-defense element where there "is evidence" of such a defense, and the fact that it is the Government's burden to prove an absence of self-defense.

Accordingly, the Court **GRANTS IN PART** the Government's Motion *In Limine* No. 7.  Ranney shall not present the defenses of necessity or justification, as he has stated he does not

United States District Court
Northern District of California

intend to do so.  As to self-defense and defense-of-others, the Government may renew its motion at trial following the close of evidence.

### 8. Motion *In Limine* No. 8

The Government argues that "the Court should admit evidence of property seized from [Ranney] incident to his arrest but otherwise preclude evidence or testimony regarding events following the offense conduct."  Gov't's Mot. at 12:1–13:14.  The Government moves to exclude Government Exhibit 35 in its entirety and portions of Government Exhibits 1, 3, and 19.  *Id.*

Here, there are three requests.  First, the Government seeks to admit evidence of property seized from Ranney and present testimony regarding the items seized.  *Id.* at 12:3–15.  Because the Court for the most part grants Ranney's motion to suppress evidence of the items seized in a separate order, the Court denies the Government's request to admit the suppressed evidence, including video footage depicting the "officers searching Ranney and his belongings and recovering these items."  *Id.* at 12:7–11.  However, the Court defers ruling on whether the Government may admit video evidence of officers "removing a black balaclava-style mask from Ranney's face" or any other video evidence not associated with the search and seizure addressed by the motion to suppress.  The Court addresses testimony regarding seized items below.  *See infra*, Part IV.B.6.  Second, the Government seeks to exclude evidence or testimony regarding alleged post-offense conduct under Rules 401, 402, and 403.  Gov't's Mot. at 12:16–25.  Ranney responds that this evidence "bears directly on the reasonableness of [Ranney's] perception of ongoing or imminent harm."  Def.'s Opp. at 12:19–14:12.  The Court declines to issue a blanket ruling excluding any alleged post-offense conduct.  Finally, the Government seeks to exclude four exhibits under Rules 402 and 403 that contain video footage of alleged post-offense conduct:  (1) Gov't Ex. 1 (Def. Ex. 212); (2) Gov't Ex. 3 (Def. Ex. 211); (3) Gov't Ex. 19 (Def. Ex. 214); and (4) Gov't Ex. 35.  Gov't's Mot. at 13:1–14.  The Court will not exclude these exhibits at this time.

Accordingly, the Court **DENIES** the Government's Motion *In Limine* No. 8.  As to evidence or testimony regarding events following the alleged offense conduct, the Government may renew this motion at trial when objecting to specific questions or to specific evidence.

11

United States District Court
Northern District of California

**9.    Motion *In Limine* No. 9**

The Government argues that "the Court should preclude testimony or other evidence regarding the assaultive conduct of the other individual arrested ["Individual 1"] on August 8, 2025, in connection with the same incident, or regarding charging or resolution of that individual's case" because they are "irrelevant." Gov't's Mot. at 13:15–14:9.

Here, the Government essentially seeks to exclude any evidence or testimony regarding conduct involving Individual 1 under Rules 401 and 402. *Id.* at 13:27–14:9. Ranney contends that it "is impossible to pull these incidents apart" because "they are part of the same surveillance video, caught on camera by the same bystander, and part of the same incident and course of conduct." Def.'s Opp. at 14:13–16:3. He further contends that officers' actions regarding Individual 1 are "relevant and probative" of "the reasonableness of [Ranney's] actions, from both a self-defense and defense-of-others perspective." *Id.* The Court agrees that conduct occurring contemporaneously with conduct involving Ranney could be relevant to Ranney's defense. The Court thus declines to exclude all testimony and evidence concerning Individual 1 at this stage.

Accordingly, the Court **DENIES** the Government's Motion *In Limine* No. 9. The Government may renew this motion at trial when objecting to specific questions or to specific evidence.

**10.    Motion *In Limine* No. 10**

The Government argues that Ranney may not claim that he "is being 'unfairly singled out' or 'persecuted' or that other individuals should have been charged" because it is "irrelevant and inadmissible under [Rule 403]." Gov't's Mot. at 14:10–15:24.

Here, the Government requests the Court exclude:

> (1) any evidence or argument that other individuals involved in the August 8, 2025, events from which this case stems should have been prosecuted in this case; (2) any evidence or argument that the defendant has been unfairly selected for prosecution in this case; and (3) any evidence or argument concerning other assaults (including the alleged assault by Individual 1) or incidents of destruction of government property.

*Id.* at 15:20–16:1. Ranney contends that "he does not intend to argue selective prosecution at trial," but will "advise the Court and government should that change based on developments at

12

trial." Def.'s Opp. at 16:4–17:4. Ranney further contends that he is permitted to argue that he was "unfairly prosecuted in this case because the government lacks the proof necessary to prove the charges beyond a reasonable doubt," and that evidence of other individuals (like Individual 1) "hitting and kicking the door" is relevant to the Government's charge regarding destruction of property. *Id.* The Court agrees that it is improper at this stage to exclude such broad topics that may be relevant to Ranney's defense.

Accordingly, the Court **DENIES** the Government's Motion *In Limine* No. 10. The Government may renew this motion at trial when objecting to specific questions or to specific evidence

**B.    Ranney's Motions *In Limine***

Overall—in his six Motions *In Limine*—Ranney seeks to exclude evidence, establish the parameters of witness exclusion orders, designate all Government witnesses as under defense subpoena, and dismiss the Information. *See generally* Def.'s Mot. The Court addresses each of Ranney's Motions *In Limine* in turn below.

**1.    Motion *In Limine* No. 1**

Ranney argues that under Rule 615, "the Court should exclude witnesses from all trial proceedings." Def.'s Mot. at 1:9–2:5. The Government "does not oppose this motion with the exception of the exclusion of Immigration and Customs Enforcement ('ICE') Officer Joe Love, who is the victim of the assault." Gov't's Opp. at 1:1–11.

The Crime Victims' Rights Act states that a crime victim has the "right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3). Further,

> [b]efore making a determination described in subsection (a)(3), the court shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding. The reasons for any decision denying relief under this chapter shall be clearly stated on the record.

*Id.* at § 3771(b)(1.

Here, there is no evidence before the Court indicating that Love's testimony would be materially altered if Love is permitted to hear other testimony at trial.  However, Ranney did not have the opportunity to respond to the Government's request raised in its Opposition.

Accordingly, the Court **GRANTS IN PART** Ranney's Motion *In Limine* No. 1 and excludes witnesses from all trial proceedings unless the witness is subject to an exception as discussed in this order, except the Court defers ruling on the Government's request to exclude Love from this order until after Ranney has the opportunity to respond to the request at the pretrial conference.

### 2.    Motion *In Limine* No. 2

Ranney argues that under Rule 615, "no more than one 'case agent' may be designated as the Government's representative."  Def.'s Mot. at 2:6–3:6.  The Government does not oppose this motion.  Gov't's Opp. at 1.

Rule 615 does not authorize excluding "one officer or employee of a party that is not a natural person if that officer or employee has been designated as the party's representative by its attorney."  Fed. R. Evid. 615(a)(2).

Here, the Government designates FPS Senior Special Agent Timothy Rivero as its party representative.  Gov't's Mot. at 6:3–11.  The Government indicates this is the only case agent that it will designate.  Gov't's Opp. at 1:12–16.

Accordingly, the Court **GRANTS** Ranney's Motion *In Limine* No. 2.  The Government shall designate only one case agent as its party representative.  Rivero shall be exempted from witness exclusion orders.

### 3.    Motion *In Limine* No. 3

Ranney argues that under Rule 615, "the Court should exempt the defense investigator from witness exclusion orders."  Def.'s Mot. at 3:7–25.  The Government does not oppose this motion.  Gov't's Opp. at 1.

Rule 615 does not authorize excluding "any person whose presence a party shows to be essential to presenting the party's claim or defense."  Fed. R. Evid. 615(a)(3).

Here, Ranney argues that the Federal Public Defender investigator, Catherine Goulet, "is

United States District Court
Northern District of California

essential to the defense" because she "has been assigned to this case since its inception and is familiar with the facts and witnesses." Def.'s Mot. at 3:7–25. The Government does not dispute that Goulet is essential to the defense. Gov't's Opp. at 1.

Accordingly, the Court **GRANTS** Ranney's Motion *In Limine* No. 3. Goulet shall be exempted from witness exclusion orders.

### 4. Motion *In Limine* No. 4

Ranney argues that "the Court should designate all Government witnesses as under defense subpoena unless released." Def.'s Mot. at 3:26–4:14. The Government does not oppose this motion. Gov't's Opp. at 1.

The Federal Rules of Criminal Procedure state: "Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b).

Here, Ranney argues that because he is indigent and must retain access to the Government's witnesses, the Court should "order that any released government witnesses be considered under defense subpoena." Def.'s Mot. at 3:26–4:14. The Court agrees.

Accordingly, the Court **GRANTS** Ranney's Motion *In Limine* No. 4. All Government witnesses shall remain under defense subpoena unless released.

### 5. Motion *In Limine* No. 5

Ranney argues that "the Court should exclude unnoticed and irrelevant 'other acts' evidence, including any reference to claims that Mr. Ranney possessed brass knuckles or pushed a different officer." Def.'s Mot. at 4:15–10:7. The Government does not oppose this motion. Gov't's Opp. at 1:23–2:16.

Rule 404 of the Federal Rules of Evidence states the following regarding "other crimes, wrongs, or acts":

> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. This evidence may be admissible for another

purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

(3) Notice in a Criminal Case.  In a criminal case, the prosecutor must:

(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

Here, the parties agreed that the Government would notice any Rule 404(b) evidence by June 10, 2026.  ECF No. 21.  The Government did not notice any such evidence and "will not seek to introduce at trial any 'other acts' evidence."  Gov't's Opp. at 1:23–2:16.  The Government further states that it

will not introduce evidence or argue that the 'Subject' described in the report by Federal Protective Service ('FPS') Inspector Stephen Glumasz is defendant Caleb Alexander Ranney ('Ranney'), or that Ranney possessed brass knuckles or pushed a different officer from the officer he is charged with assaulting.

*Id.*  The Government argues that its position

should not be construed to imply that the government will not seek to introduce evidence or argue about Ranney's wearing hard-knuckle motorcycle gloves (which are distinct from brass-knuckle gloves) at the time of the charged offense conduct or possessing or wearing other items, including, but not limited to, spray paint and pliers/wire cutters.

*Id.*  Because Ranney does not request that the Court exclude such evidence or testimony in his Motion *In Limine* No. 5, the Court need not reach that issue but discusses it below.

Accordingly, the Court **GRANTS** Ranney's Motion *In Limine* No. 5.  The Government shall not introduce evidence of "other acts" under Rule 404(b), and the Government shall not introduce evidence of or make references to Ranney being the "Subject" in Glumasz's report, Ranney possessing brass knuckles, or Ranney pushing a different officer from the officer he is charged with assaulting.

16

**6.    Motion *In Limine* No. 6**

Ranney argues that "the Court should dismiss the Information, or alternatively exclude evidence and testimony about physical evidence that the Government lost or destroyed, and allow the defense to question witnesses about their incorrect/false statements about searching and seizing Mr. Ranney's property." Def.'s Mot. at 10:8–18:3. The Government contends that dismissal is not warranted because "the government's loss of the gloves, canisters of spray paint, and pliers/wire cutters seized from Ranney in connection with his August 8, 2025, arrest does not amount to a violation of due process." Gov't's Opp. at 2:17–11:6. Further, other sanctions are unwarranted given "the nature of the government's conduct and negligible, if any, prejudice to" Ranney. *Id.*

In order for destruction of evidence to rise to the level of a constitutional violation,

> a party must make two showings. First, that the government acted in bad faith, the presence or absence of which turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed. Second, that the missing evidence is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

*United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013) (cleaned up).

Here, Ranney argues that the Court should dismiss the Information "based on the government's spoliation of physical evidence that it seized from [Ranney] that government agents subsequently lied about." Def.'s Mot. at 10:10–17:14. Ranney argues that the gloves seized from him have exculpatory value because they could be shown to the jury to address the Government's claim that the gloves are "hard-knuckle gloves." *Id.* at 13:12–14:16; *see* Gov't's Opp. at 4:2–4 (referring to Ranney's gloves as "black hard-knuckle gloves"). Ranney further argues that he cannot obtain comparable evidence because photographs of the gloves and testimony about the gloves "would not substitute for the jury's ability to examine the gloves themselves." Def.'s Mot. at 13:12–14:16. The Government responds that there is "adequate substitute evidence for the missing evidence in this case" in the form of photographs, internal security video footage, and officer testimony at trial. Gov't's Opp. at 7:1–8:6. As discussed below, the Court excludes all evidence and testimony regarding the search of Ranney's backpack and the items in his backpack; the Court also limits testimony regarding the gloves as outlined below. Therefore, there is no need

17

United States District Court
Northern District of California

for Ranney to obtain comparable evidence to that lost by the Government because Ranney will not need to address that evidence as it is excluded. Because Ranney will not be prejudiced by the lost evidence, the Court need not address whether the Government acted in bad faith in losing the evidence.

Ranney next argues that if the Court does not dismiss the Information, the Court should take three actions. Def.'s Mot. at 17:19–18:3. The Court takes each request in turn. First, Ranney seeks to "exclude any testimony or other evidence (i.e., photos, videos) from government witnesses about such lost/destroyed evidence at trial." *Id.* In its order on Ranney's motion to suppress, the Court prohibited the Government's use of photographs showing the items from Ranney's backpack. The Court further orders that the Government shall not proffer video evidence of the unlawful search or elicit testimony regarding the unlawful search. With the caveat discussed below, the Government shall not elicit testimony regarding the items that were obtained through search and seizure. Second, Ranney seeks to prohibit "any testimony about whether the gloves were or appeared to be brass/hardened knuckles." *Id.* As discussed in Ranney's Motion *In Limine* No. 5, the Court orders the Government not to refer to Ranney's gloves as "brass knuckles." The Court agrees that the Government should not be permitted to refer to the gloves as "hard knuckle" because Ranney has no way to challenge that statement given that the Government lost the gloves. Def.'s Mot. at 13:12–14:16. The Court thus orders the Government not to refer to Ranney's gloves as "hard knuckle" or as having "hard knuckles." However, the Government discusses video evidence of Ranney wearing the gloves prior to the gloves' seizure. *E.g.,* Gov't's Opp. at 9:23–10:15. The Government is not precluded from introducing evidence or testimony regarding what is observable about the gloves prior to their seizure (i.e., that the gloves are black) subject to any objections by Ranney at trial. *See id.* at 11 n.7; Def.'s Mot. at 17 n.11.

Finally, Ranney asks the Court to permit Ranney "to question government witnesses about their search, seizure, and loss/destruction of his property—as well as their incorrect and/or false statements about such—without being considered to have 'opened the door' to the government introducing evidence of what those items were." Def.'s Mot. at 17:19–18:3. This presents a challenge. On one hand, the Court understands the Government's position that Ranney should not

United States District Court
Northern District of California

"be able to question government witnesses about the search, seizure, and loss of Ranney's property and statements made about those things while prohibiting the government from presenting evidence of what those items were." Gov't's Opp. at 11:1–6. On the other hand, the Court agrees that Ranney must be able to challenge witnesses' credibility regarding whether they made false claims about Ranney's arrest, or search or seizure in conjunction with the arrest. Def.'s Mot. at 17:19–21. The Court thinks the answer is that Ranney must decide what approach he wants to take. He has the right to challenge witnesses' credibility regarding whether they made false claims about his arrest or the search or seizure in conjunction with the arrest, but it is possible that in pursuing that line of questioning, he may open the door and undo the suppression order. The Court will need to hear the specific questions and testimony at trial to determine whether that door has been opened.

Accordingly, the Court **GRANTS IN PART** Ranney's Motion *In Limine* No. 6. The Government shall not introduce evidence or testimony regarding the search of Ranney's backpack and the items in his backpack, including photographs and videos of these topics. If the Government believes Ranney has opened the door to those issues, it shall make that argument to the Court outside the presence of the jury to obtain a Court ruling. The Government shall not refer to Ranney's gloves as hard-knuckle gloves. The Court **DENIES** Ranney's motion to dismiss the Information.

### V.    CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** the Government's Motions *In Limine* and **GRANTS IN PART and DENIES IN PART** Ranney's Motions *In Limine*.

**IT IS SO ORDERED.**

Dated: July 8, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge