United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

   Plaintiff,

  v.

CALEB ALEXANDER RANNEY,

   Defendant.

Case No. 25-cr-00416-TSH-1

**PRETRIAL ORDER**

On July 9, 2026, the Court held a pretrial conference in this matter. This Order summarizes the Court's rulings and information about how the trial will be conducted.

1. The parties shall deliver to the Clerk's Office by July 22, 2026, four hard copies and one electronic copy of their exhibits. The hard copies shall be single-sided and in tabbed binders that are no wider than three inches. These copies of the exhibits are for the Court and the witnesses.

2. The parties shall bring their own set of exhibits to trial for counsel to use.

3. The Court shall conduct a hearing on July 23, 2026, at 10:00 a.m. in Courtroom E, 15th Floor, to discuss juror hardship excusals. Following that hearing, the parties shall go to Courtroom 2 on the 17th Floor to do a tech check on any equipment they plan to use at trial. The parties should bring any such equipment with them.

United States District Court
Northern District of California

4.  The trial will proceed in Courtroom 2 as follows:  The parties will appear at 9:00 a.m. on Monday, July 27, 2026.  Jury selection will commence at 9:30 a.m.  The trial will start after a break following jury selection.  Each day thereafter, the parties will appear at 9:00 a.m., trial will begin at 9:30 a.m., and trial will conclude at 3:30 p.m.  There will be a 15-minute break at 11:00 a.m., a 45-minute lunch at 12:30 p.m., and a 15-minute afternoon break at 2:30 p.m.

5.  Opening statements must be limited to 20 minutes per side, and closing arguments must be limited to 45 minutes per side, including rebuttal.

6.  The Court will follow the normal rule regarding objections to evidence and other legal points which the Court must decide:  No lengthy arguments in front of the jury.  No sidebars.  Any such argument should occur before 9:30 a.m. or after 3:30 p.m. unless it is unavoidable.  Objections should consist of a citation to the Federal Rule(s) of Evidence at issue and the applicable generic description (e.g. "relevance.").

7.  The parties must rise when making an objection.

8.  The parties must seek leave to approach witnesses.

9.  The Court will empanel a twelve-person jury with two alternates.  The Court will first present questions for *voir dire*.  Each side will get 10 minutes for follow-up *voir dire*.  Thereafter, the parties may make for-cause challenges and then peremptory challenges.  Each side shall have three peremptory challenges, plus an additional peremptory challenge only to remove alternate jurors.

10.  Preliminary jury instructions will be read before opening statements.  The Court will not provide a copy of the instructions to the jury at the beginning of the case.  The Court will not instruct the jury on substantive law applicable to the claims until the close of evidence when final instructions are given.  The Court will hear argument and settle final jury instructions before closing arguments.

11. The parties are reminded to comply with Civil Local Rule 5-1(g) regarding the electronic filing of exhibits within ten days of a trial verdict.  *See* Crim. L.R. 55-1 ("Unless the Judge hearing the matter otherwise orders, the procedures set forth in Civil L.R. 5-1(g) and 79-

4(a) and (b) shall govern the custody and disposition of exhibits in criminal proceedings before the Court.").

**IT IS SO ORDERED.**

Dated: July 9, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge