United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

CALEB ALEXANDER RANNEY,
Defendant.

Case No. 25-cr-00416-TSH-1

**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**

Re: Dkt. Nos. 31, 34, 58

## I. INTRODUCTION

The United States Attorney's Office (the "Government") charged Defendant Caleb Alexander Ranney with two criminal offenses: (1) Assault on a Federal Officer (violation of 18 U.S.C. § 111(a)(1)); and (2) Destruction of Government Property (violation of 18 U.S.C. § 1361). ECF No. 1. The case is set to proceed to jury trial on July 27, 2026. ECF No. 21. Pending before the Court are three Administrative Motions to Seal filed by Ranney in conjunction with his pretrial filings. ECF Nos. 31, 34, 58. For the reasons stated below, the Court **GRANTS** the motions.

## II. LEGAL STANDARD

"The law recognizes two qualified rights of access to judicial proceedings and records, a common law right to inspect and copy public records and documents, including judicial records and documents, and a First Amendment right of access to criminal proceedings and documents therein." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011) (cleaned up). In sum, "public access to criminal trials permits the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government." *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

"As to the First Amendment, the test to determine whether a right of access attaches to a

United States District Court
Northern District of California

particular kind of hearing is a two-part test known as the 'experience and logic' test." *United States v. Sleugh*, 896 F.3d 1007, 1013 (9th Cir. 2018) (cleaned up). Under this test, courts consider (1) "whether the place and process have historically been open to the press and general public"; and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 8 (1986). "The same test applies to the disclosure of *documents* generated as part of a judicial proceeding." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014) (emphasis in original) (cleaned up). If a First Amendment right "attaches to proceedings or records, any denial of access in order to inhibit the disclosure of sensitive information must be necessitated by a compelling governmental interest, and narrowly tailored to serve that interest." *United States v. Kwok Cheung Chow*, No. 14-cr-00196-CRB(JCS), 2015 WL 5094744, at *3 (N.D. Cal. Aug. 28, 2015) (citing *Globe Newspaper*, 457 U.S. at 607) (cleaned up). "Further, there must be 'a substantial probability that the interest will be harmed by disclosure,' and 'no adequate alternatives to maintaining the filings under seal.'" *Id.* (quoting *Index Newspapers*, 766 F.3d at 1095).

"As to the common law, there is a strong presumption in favor of access to court records. A party seeking to seal a judicial record can overcome this presumption only by showing a 'compelling reason.'" *Sleugh*, 896 F.3d at 1013 (cleaned up).

Here, Ranney filed three Motions to Seal with his pretrial filings. *See* ECF Nos. 31, 34, 58. Overall, Ranney seeks to seal video files attached as exhibits to his filings. *See* ECF Nos. 49, 58. The materials at issue in Ranney's first Motion to Seal (ECF No. 31)[1] were filed in connection with his Motions *In Limine* (ECF No. 38). The materials at issue in Ranney's second and third Motions to Seal (ECF Nos. 34, 58)[2] were filed in connection with Ranney's Motion to Suppress

[1] Ranney filed his first Motion to Seal under seal. ECF No. 31. He later filed a revised first Motion to Seal on the public docket which the Court treats as the operative motion. *See* ECF No. 49-1 (Unredacted Revised First Motion to Seal).

[2] Ranney filed his second Motion to Seal under seal. ECF No. 34. He later filed a revised second Motion to Seal on the public docket which the Court treats as the operative motion. *See* ECF No. 49-2 (Unredacted Revised Second Motion to Seal). Ranney also filed his third Motion to Seal under seal. ECF No. 54. He later filed an unredacted version of the third Motion to Seal on the

and his Reply to that motion (ECF Nos. 39, 51). The Court finds that the stronger presumption of access under the First Amendment applies to the materials at issue here. *See United States v. Holmes*, 572 F. Supp. 3d 831, 833–34 (N.D. Cal. 2021) ("The First Amendment right of public access extends to pretrial proceedings as well as documents filed in connection with those proceedings."); *Chow*, 2015 WL 5094744, at *2 (citing *United States v. Brooklier*, 685 F.2d 1162, 1169–71 (9th Cir. 1982)) ("Under established precedent, the First Amendment right of access attaches to hearings on motions to suppress evidence."); *United States v. Schuette*, No. 22-cr-00233-BLF-1, 2023 WL 164012, at *1–2 (N.D. Cal. Jan. 11, 2023) (explaining sealing of exhibit to motion *in limine* requires a compelling reason and request that is narrowly tailored). Because the materials at issue are files generated as part of a judicial proceeding with a presumption of public access under the First Amendment, "[a]ny sealing or redaction must therefore be narrowly tailored to serve compelling reasons." *Chow*, 2015 WL 5094744, at *4.

Criminal Local Rule 56-1 applies to filing material under seal in criminal cases. *See* Crim. L.R. 56-1(a) ("This rule governs requests in criminal cases to file under seal documents or things, whether pleadings, memoranda, declarations, documentary evidence or other evidence."). The Rule recognizes that although the "public has a right of access to the Court's files . . . in some criminal matters, the Court must consider privacy, safety, and law enforcement interests." *Id.* The Rule outlines the procedure for moving to seal material in a criminal case, stating, in pertinent part:

> A party seeking to file material under seal must:
>
> (1) File and, unless the motion is filed ex parte, serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11.

*Id.* at 56-1(c). Under Civil Local Rule 7-11, any opposition to or support for an administrative motion "must be filed no later than 4 days after the motion has been filed" and "must set forth succinctly the reasons in opposition or support." Civ. L.R. 7-11(b).

---

public docket which the Court treats as the operative motion. *See* ECF No. 58 (Unredacted Third Motion to Seal).

## III. DISCUSSION

On June 24, 2026, Ranney filed his first Motion to Seal in connection with his Motions *In Limine*. ECF Nos. 31, 38. Ranney moves to file five video files under seal: Declaration of Angela Chuang ("Chuang Decl.") (ECF No. 30), Ex. D (ECF No. 30-4); Chuang Decl., Ex. E (ECF No. 30-5); Chuang Decl., Ex. G (ECF No. 30-7); Chuang Decl., Ex. H (ECF No. 30-8); Chuang Decl., Ex. I (ECF No. 30-9). ECF No. 31. Ranney states that sealing is justified by law enforcement interests. *Id.*

On June 24, 2026, Ranney filed his second Motion to Seal in connection with his Motion to Suppress. ECF Nos. 34, 39. Ranney moves to file five video files under seal: Declaration of Samantha Jaffe ("Jaffe Decl.") (ECF No. 33), Ex. A (ECF No. 33-1); Jaffe Decl., Ex. B (ECF No. 33-2); Jaffe Decl., Ex. C (ECF No. 33-3); Jaffe Decl., Ex. F (ECF No. 33-6); Jaffe Decl., Ex. G (ECF No. 33-7). ECF No. 34. Ranney states that sealing is justified by law enforcement interests. *Id.*

On July 5, 2026, Ranney filed his third Motion to Seal in connection with his Reply to the Motion to Suppress. ECF Nos. 51, 58. Ranney moves to file two video files under seal: Reply Declaration of Samantha Jaffe ("Jaffe Reply Decl.") (ECF No. 52), Ex. J (ECF No. 52-1); Jaffe Reply Decl., Ex. L (ECF No. 52-3). ECF No. 58. Ranney states that sealing is justified by law enforcement interests. *Id.*

Collectively, the Government has filed three responses to the Motions to Seal. *See* ECF Nos. 55, 60, 72. The Court focuses on the most recent response, filed on July 9, 2026, as it addresses all three Motions to Seal. *See* ECF No. 72. The Government supports all three of Ranney's Motions to Seal because the video exhibits are marked as "Confidential" as they are "'Protected Information' under the protective order." *Id.* (citing ECF No. 23 at 1). The Government states that Ranney's video exhibits "contain depictions of sensitive law enforcement operations areas within 630 Sansome Street, the public disclosure of which could potentially compromise law enforcement operations." *Id.* The Government further explains that it does not seek to seal its own video exhibits (at ECF Nos. 46-2, 46-3, 46-8) that depict "only areas that are otherwise visible to the public." *Id.* The Government also does not seek to redact "textual

United States District Court
Northern District of California

descriptions of events occurring on protected videos" from briefs filed on the public docket. ECF No. 55.

The Court has reviewed the files to be sealed and agrees that sealing is warranted. First, the Court finds that a compelling government interest necessitates sealing. Specifically, the Court finds that law enforcement has a compelling interest in preventing the public disclosure of videos depicting internal law enforcement operations in areas not visible to the public. *Cf. Hesterberg v. United States*, No. C-13-01265-JSC, 2013 WL 6057068, at *1–2 (N.D. Cal. Nov. 15, 2013) (finding compelling reason exists to seal nonpublic portions of law enforcement manual); *contra Gammage v. City of San Francisco*, No. 18-cv-05604-JCS, 2020 WL 1904498, at *3 n.7 (N.D. Cal. Apr. 17, 2020) (denying motion to seal video footage depicting law enforcement activities "on a public street"). Second, the Court finds that the sealing requests are narrowly tailored to serve this compelling interest. The parties request sealing only of video files depicting non-public areas and do not seek to seal video files depicting areas that are visible to the public or textual descriptions of events occurring in areas not visible to the public. ECF Nos. 55, 72.

Accordingly, the Court **GRANTS** Ranney's first Motion to Seal Ex. Chuang Decl., Ex. D (ECF No. 30-4); Chuang Decl., Ex. E (ECF No. 30-5); Chuang Decl., Ex. G (ECF No. 30-7); Chuang Decl., Ex. H (ECF No. 30-8); and Chuang Decl., Ex. I (ECF No. 30-9). The Court **GRANTS** Ranney's second Motion to Seal Jaffe Decl., Ex. A (ECF No. 33-1); Jaffe Decl., Ex. B (ECF No. 33-2); Jaffe Decl., Ex. C (ECF No. 33-3); Jaffe Decl., Ex. F (ECF No. 33-6); and Jaffe Decl., Ex. G (ECF No. 33-7). The Court **GRANTS** Ranney's third Motion to Seal Jaffe Reply Decl., Ex. J (ECF No. 52-1); and Jaffe Reply Decl., Ex. L (ECF No. 52-3).

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Ranney's three Motions to Seal.

**IT IS SO ORDERED.**

Dated: July 15, 2026

THOMAS S. HIXSON
United States Magistrate Judge