# EXHIBIT F

**FEDERAL PUBLIC DEFENDER**
NORTHERN DISTRICT OF CALIFORNIA
19TH FLOOR FEDERAL BUILDING - BOX 36106
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

**JODI LINKER**
 *Federal Public Defender*
**ANGELA CHUANG**
*Assistant Federal Public Defender*

Telephone:  (415) 436-7700
Fax:  (415) 436-7706

United States Attorney Craig H. Missakian
Office of the United States Attorney
Northern District of California
Federal Building, 11th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

ATTN: Assistant United States Attorney Wistar Wilson

DELIVERED VIA EMAIL TO: ██████████████

December 19, 2025

**RE:  Discovery request, *United States v. Caleb Alexander Ranney***
       **Case No. CR 25-416-MAG**

Dear Ms. Wilson:

I have been appointed to represent Caleb Alexander Ranney.  Pursuant to the Federal
Rules of Criminal Procedure, and in accordance with local practice, I am setting forth
herein, in place at this time of formal motions, certain requests for discovery and other
information.  Please advise me in writing before the next court appearance as to which of
these matters, if any, are in dispute so I may consider the possibility of preparing pretrial
motions.  Please provide that information over which there is no dispute to me as soon as
possible.

This request for discovery is made in the context of California Rule of Professional
Conduct 3.8, *Special Responsibilities of a Prosecutor*, effective Nov. 1, 2018. This rule
of professional conduct applies to federal prosecutors practicing in the State of
California. *See* 28 U.S.C. § 530B(a). This request seeks timely production of all material
covered by Cal. R. Prof. Conduct 3.8.

1.      Please provide any written or recorded statements or admissions made by the
defendant, or copies thereof.  This request encompasses both pre-indictment and post-
indictment material, including all relevant writings made or endorsed by the defendant,
recorded testimony of the defendant or agent of the defendant before a grand jury, and
any recordings of defendant's conversations by means of electronic surveillance.  (Fed.
R. Crim. P. 16(a)(1)(B)).

Discovery Request, *United States v. Caleb Alexander Ranney*
December 19, 2025
Page 2

2.      Please provide the substance of any relevant oral statements made by the defendant, including but not limited to reports, memoranda, notes or other papers reflecting or relating such oral statements.  In addition, please provide copies of any waiver forms or advisement of rights forms utilized.  (Fed. R. Crim. P. 16(a)(1)(A)).

With respect to this matter, you are hereby placed on notice and asked to preserve and maintain all original notes, memoranda and other documents prepared by or on behalf of the government.  You are also requested to advise any federal or state agencies involved in this case to preserve and maintain all original notes, memoranda and other documents. If the government intends to introduce any oral statement of the defendant at a trial or other proceeding, please reduce the statement to writing.

3.      Please provide the names, addresses and qualifications of any experts whom the government intends to call as a witness at trial, including government agents or law enforcement witnesses from whom the government intends to elicit expert testimony. (Fed. R. Crim. P. 16(a)(1)(G)).  In addition, I request that you provide me with the names and case numbers of any court proceeding in which these individuals have previously offered expert testimony.

4.      Please provide the results or reports of any physical or mental examination and of any scientific test or experiment conducted in relation to this case.  (Fed. R. Crim. P. 16(a)(1)(F)).  This request includes, but is not limited to, the following: gunshot residue analysis; ballistic testing; collection and analysis of any fingerprint or palm-print; laboratory analysis of any suspected controlled substances; handwriting analysis; and DNA testing.

5.      In the event you intend to offer any expert testimony through any witness, including a government agent or employee or law enforcement officer, please prepare and produce a summary of the witness' opinions, the grounds or basis for any such opinions, and the qualifications of the witness. (Fed. R. Crim. P. 16(a)(1)(G)); Fed. R. Evid. 702, 703, 705).  Pursuant to Rule 16(a)(1)(G), this summary must describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.  The requested information is necessary in order to provide the defendant with "a fair opportunity to test the merit of the expert's testimony through focused cross-examination," Fed. R. Crim. P. 16 (advisory committee's note, 1993 amendment), and for the defendant to adequately prepare for any challenges to the expert(s) as described in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993), and *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999). Compliance with this request is mandatory regardless of whether a particular witness is also testifying as a percipient witness.  *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997).

6.      Please provide all books, papers, documents, photographs and other tangible objects which were obtained from or belong to the defendant.  (Fed. R. Crim. P. 16(a)(1)(E)).

Discovery Request, *United States v. Caleb Alexander Ranney*
December 19, 2025
Page 3

7.      Please provide any other books, papers, documents, photographs and tangible objects which are material to the defendant's defense or which the government intends to use at trial.  (Fed. R. Crim. P. 16(a)(1)(E)).

8.      Please provide access to any contraband seized in this case before it is destroyed, including access by my experts or investigators to any controlled substances and all wrapping or packaging material surrounding these substances.  Please immediately contact your agents and inform them of my intention to inspect, test, and analyze all controlled substances before they are destroyed, and request that all controlled substances be preserved until the conclusion of trial and appeal.  (Fed. R. Crim. P. 16(a)(1)(E)).

9.      Please provide all records reflecting government surveillance of my client, or of other individuals as part of or connected to this investigation.  'Government surveillance' as used in this request means any method by which law enforcement, national security or other government agents obtained information regarding my client.  (Fed. R. Crim. P. 16(a)(1)(E); N.D. Cal. Crim. L.R. 16-1(c)(1)).  Specifically, "government surveillance" includes:

 a.   all forms of location tracking (including cell site location tracking, use of a GPS device, monitoring the location of a cellular phone or other electronic device, hidden video, drones, or other location monitoring tools);

 b.   any use of a cell-site simulator or similar device (such as a stingray, triggerfish, hemispheres, WIT technology, etc.);

 c.   accessing telephone or email transactional records or metadata;

 d.   accessing, acquiring, collecting, monitoring, targeting or using oral, wire, or electronic communications related to or concerning my client;

 e.   accessing the contents of communications, either directly by the government or via third parties (including wiretaps, FISA intercepts, installation of pen registers/trap-and-trace devices, accessing signaling, dialing, routing or other telephone billing, account or transactional information or metadata, any monitoring of internet activity of any type, and any installation of software on a machine not owned by the government);

 f.   using any network investigative technique ("NIT") or malware to locate or access an electronic device not owned by the government; and

 g.   obtaining records from a third party, such as a phone company, internet service provider, financial institution, or other party, relating to this investigation.

This request for 'all records' includes both the raw and refined data obtained from the electronic surveillance.  It also includes any authorizing documentation (including subpoenas, court orders, warrants, etc.) and any requests for authorization or records

Discovery Request, *United States v. Caleb Alexander Ranney*
December 19, 2025
Page 4

(including certifications, directives, motions, affidavits, declarations, national security or exigency letters, etc.) seeking judicial, governmental, or other third-party authorization or disclosure of records, whether or not such authorization or disclosure was granted.

This request specifically includes any activity falling entirely or partially under any of the following statutes: the Wiretap Act, Electronic Communications Privacy Act, Stored Communications Act (18 USC 2701 et seq.), Pen Register/Trap and Trace Statute (18 USC 3121), USA Patriot Act including section 215 orders (50 USC 1861) and National Security Letters (18 USC 2709), Foreign Intelligence Surveillance Act (50 USC 1801 et seq.), including as amended by the Protect America Act (now expired) or the FISA Amendments Act (50 USC 1881a et seq.), and the Communications Assistance for Law Enforcement Act (47 USC 1001 et seq.).

10.     Please provide copies of all police reports and federal investigative reports (e.g., FBI 302 reports) related to this case.  (Fed. R. Crim. P. 16(a)(1)(E)).

11.     Please provide all reports regarding forensic examinations of any telephone, computer, data storage device, or any other device defined in 18 U.S.C. 2030(e)(1), that was seized, copied, or reviewed in connection with this case. (Fed. R. Crim. P. 16(a)(1)(E), (F)).

12.     Please provide any criminal record of the defendant.  (Fed. R. Crim. P. 16(a)(1)(D)).

13.     Please provide all evidence of any kind which tends to exculpate the defendant, or tends to be favorable to the defense on issues of guilt or punishment, or tends to affect the weight or credibility of the evidence to be presented against the defendant.  This request includes: all information which is within the possession, custody or control of the government; all information, the existence of which is known to any agent of the government; and all information which, by the exercise of due diligence, may become known to the government.  This request also includes the names, addresses and any statements of any persons who were interviewed who did not supply incriminating information with respect to defendant.  In the event witness interviews were conducted of any person the government expects to call as a witness at trial, the substance of which constitutes impeachment material subject to production pursuant to *Brady/Giglio*, please cause such interviews, including any agent notes, to be reduced to writing and produced prior to trial.

Should you have a question with regard to whether certain information constitutes *Brady/Giglio* material, or when it must be produced, I request that you present the information to the court, with notice to me, for review in camera to resolve these issues. *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963).

Furthermore, I request that you review and produce relevant documents responsive to this request from the personnel file of any government employee or agent you intend to call

Discovery Request, *United States v. Caleb Alexander Ranney*
December 19, 2025
Page 5

as a witness at trial or in pretrial proceedings. This request encompasses, but is not limited to:

a. prior offenses, acts of moral turpitude (whether or not such acts resulted in criminal convictions), probationary status, and any other potential impeachment information regarding any witness;

b. identities of all persons investigated, detained, or arrested as suspects during the investigation of this case;

c. all facts known to the prosecution or law enforcement personnel which might tend to indicate any person other than the defendant who might be in any manner responsible for the crimes charged against the defendant; and

d. prior offenses, acts of moral turpitude (whether or not such acts resulted in criminal convictions), probationary status, and any other potential impeachment information of any other people who were considered suspects by the agencies involved in this investigation.

14.     Please provide, as to all witnesses who may be called to testify at the trial of this case or who were percipient witnesses to the alleged offenses (whether or not they are to be called to testify at the trial of the case): all agreements, promises, threats, inducements, offers of reward or immunity, witness fees, transportation assistance, assistance to members of the witness' family or to associates of the witness, or affirmative representations (whether written or oral) made to such persons or to their attorneys (executed or not), in an effort to obtain information or testimony as to the investigation and/or prosecution of the offenses charged in the indictment. (*Kyles v. Whitley*, 514 U.S. 419 (1995); *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); *Phillips v. Ornoski*, 673 F.3d 1168 (9th Cir. 2012); N.D. Cal. Crim. L.R. 16-1(c)(2)).

15.     Please provide the names and addresses of all persons whom the government intends to call as witnesses at trial. In order to avoid lengthy and disruptive mid-trial continuances, I am requesting production of Jencks Act material no fewer than thirty (30) days prior to trial.

16.     Please immediately disclose the identities and location of any alien witnesses and their statements, and provide me with an opportunity to interview them before they are deported. Please convey to the Department of Homeland Security and to Immigration and Customs Enforcement my interest in interviewing these alien witnesses, and make all efforts to insure that they are not deported before I am provided with their statements and have been provided with an opportunity to interview them. By this letter you and your agents are now on notice of my interest in interviewing these witnesses; if any material alien witnesses are deported before I have had an opportunity to interview them I will

Discovery Request, *United States v. Caleb Alexander Ranney*
December 19, 2025
Page 6

move for dismissal of the indictment under *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982).

17.     Please provide copies of all photographs connected to this case, including photographs taken during the execution of all search and arrest warrants, photographs recovered from any cellular telephone, photographs of evidence, photographs shown to witnesses (including any photographic "lineups"), and any photographs you plan to introduce in your case in chief.  Please include a statement as to whether the defendant's photograph, likeness, or image was exhibited to anyone during the course of the investigation of this matter, including the dates, times, and places of all such occurrences and the names of the persons, including counsel, who were present.  I further request color copies of any and all such documents exhibited, including but not limited to photospreads and photographs of lineups.  (Fed. R. Crim. P. 16(a)(1)(E)).

18.     Please provide copies of all video recordings related to this case, including surveillance camera footage and recordings created by law enforcement officers (e.g., PDRD recordings). (Fed. R. Crim. P. 16(a)(1)(E)).

19.     Please provide copies of all sketches generated by witnesses or law enforcement officers related to the investigation of this case.  (Fed. R. Crim. P. 16(a)(1)(E)).

20.     Please provide a summary of any alleged co-conspirator's statement that you intend to offer at trial under Fed. R. Evid. 801(d)(2)(E) that is sufficiently detailed so that the defense may object to and the Court may rule on the admissibility of the statement. (N.D. Cal. Crim. L.R. 16-1(c)(4)).

21.     Please provide notice of any evidence of other crimes, wrongs, or acts that you intend to introduce at trial pursuant to Federal Rules of Evidence 404, 608, or 609, as well as a specific factual statement describing such evidence, your claimed basis for admission at trial, and its relevance to these charges.  (Fed. R. Evid. 404(b), 608, 609; N.D. Cal. Crim. L.R. 16-1(c)(3)).

22.     I am requesting that you examine the personnel files of all police officers involved in this case pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1990), and disclose any information bearing on their veracity, character, bias, or reputation, as well as any other information that may be favorable to the defense.

23.     Please provide a statement regarding whether and upon what terms and conditions this case might be resolved without trial, as well as the following materials to permit me to evaluate the possibility of such a disposition:

   a.   all investigative reports that might be made available to the probation
        department after a guilty plea.

Discovery Request, *United States v. Caleb Alexander Ranney*
December 19, 2025
Page 7

b.   the substance of any information that the government may give to the probation department after a plea but that does not appear in any written report provided to me.

c.   a written statement detailing the government's position concerning the applicability of the Federal Sentencing Guidelines and, if they apply, your calculation of the defendant's Guideline sentence.

Criminal Local Rule 16-1 requires us to meet and confer within fourteen days of my client's entry of a plea of not guilty.  See Crim. L. Rule 16-1(a).  Please consider this letter my initial request for discovery, and respond by disclosure of the information requested or a statement of opposition within fourteen days of my client's arraignment.  I will then seek an order setting a date for disclosure of any contested information pursuant to Criminal Local Rule 16-1(b).  Thank you in advance for your cooperation in this matter.

Sincerely,

JODI LINKER
Federal Public Defender
Northern District of California

/S

MARY TRAN,
Legal Assistant for
ANGELA CHUANG
Assistant Federal Public Defender