United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

CALEB ALEXANDER RANNEY,
Defendant.

Case No. 25-cr-00416-TSH-1

**ORDER RE: DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 112

On July 26, 2026, Defendant Caleb Ranney filed a Motion for Leave to File Motion for Reconsideration and Motion for Reconsideration. ECF No. 112. With his Reply, Ranney includes evidence that he received from the Government after filing his Motion that he believes bears on his Motion. ECF No. 132; *see* ECF No. 133 (Declaration of Angela Chuang). In response, the Government filed a Motion for Leave to File Sur-Reply and Sur-Reply seeking an opportunity to respond to the new "factual and legal claims" raised in Ranney's Reply.[1] ECF Nos. 142, 143-3.

Regarding motion practice, the Civil Local Rules state that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except to state a party's objections to new evidence, "which may not include further argument on the motion," or to "bring to the Court's attention a relevant judicial opinion." Civ. L.R. 7-3(d); *see also id.* at 7-9(d) (Motion for Reconsideration) ("If the Judge decides to order the filing of additional papers or that the matter warrants a hearing, the Judge will fix an appropriate schedule."); Crim. L.R. 2-1 ("The provisions of the Civil Local Rules of the Court shall apply to criminal actions and proceedings, except where they may be inconsistent with these criminal local rules, the Federal

[1] The Government filed its proposed Sur-Reply under seal. *See* ECF No. 143-3. The Government filed a redacted version of the Sur-Reply on the public docket. *See* ECF No. 142-1.

United States District Court
Northern District of California

Rules of Criminal Procedure or provisions of law specifically applicable to criminal cases.”).

The Court agrees with the Government that a Sur-Reply is warranted due to the new evidence in Ranney’s Reply. Accordingly, the Court **GRANTS** the Government’s request to file a Sur-Reply and accepts the Sur-Reply filed with that request.

With its Sur-Reply, the Government includes evidence that it obtained after Ranney filed his Reply. *See, e.g.,* ECF No. 143-3 at 2 (discussing report received by Government on August 18, 2026). Accordingly, the Court **ORDERS** that Ranney may file an optional Sur-Sur-Reply by August 31, 2026. *See* ECF No. 132 at 13 (requesting Court permit Ranney “to supplement his reply once he is in possession of all outstanding materials”); *cf. Benedict v. Hewlett-Packard Co.*, No. 13-cv-0119-LHK, 2013 WL 3215186, at *1 (N.D. Cal. June 25, 2013) (requesting plaintiffs file sur-sur-reply in response to defendant’s sur-reply).

Further, in his Reply, Ranney requests the Court order the Government to produce several things. ECF No. 132 at 13–14. From the Government’s Sur-Reply, it appears that there remain outstanding discovery disputes. ECF No. 143-3 at 11. The Court agrees with Ranney that ideally, production should be complete prior to resolving Ranney’s Motion. Accordingly, the Court **ORDERS** the parties to submit a joint letter brief by August 26, 2026, outlining any remaining discovery disputes that exist and the parties’ respective positions on how the Court should resolve those disputes.

**IT IS SO ORDERED.**

Dated: August 24, 2026

THOMAS S. HIXSON
United States Magistrate Judge