UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CALEB ALEXANDER RANNEY,<br>Defendant. | Case No. 25-cr-00416-TSH-1<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 97, 109, 114, 128, 130, 134, 143, 146, 152, 154 |

## I. INTRODUCTION

The United States Attorney's Office (the "Government") charged Defendant Caleb Alexander Ranney with two criminal offenses: (1) Assault on a Federal Officer (violation of 18 U.S.C. § 111(a)(1)); and (2) Destruction of Government Property (violation of 18 U.S.C. § 1361). ECF No. 1. The case is set to proceed to jury trial on October 5, 2026. ECF No. 116. Pending before the Court are ten Administrative Motions to Seal filed in conjunction with the parties' pretrial filings, six filed by Ranney (ECF Nos. 97, 109, 114, 134, 146, 152), and four filed by the Government (ECF Nos. 128, 130, 143, 154).

## II. LEGAL STANDARD

"The law recognizes two qualified rights of access to judicial proceedings and records, a common law right to inspect and copy public records and documents, including judicial records and documents, and a First Amendment right of access to criminal proceedings and documents therein." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011) (cleaned up). In sum, "public access to criminal trials permits the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government." *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

"As to the First Amendment, the test to determine whether a right of access attaches to a particular kind of hearing is a two-part test known as the 'experience and logic' test." *United States v. Sleugh*, 896 F.3d 1007, 1013 (9th Cir. 2018) (cleaned up). Under this test, courts consider (1) "whether the place and process have historically been open to the press and general public"; and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 8 (1986). "The same test applies to the disclosure of *documents* generated as part of a judicial proceeding." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014) (emphasis in original) (cleaned up). If a First Amendment right "attaches to proceedings or records, any denial of access in order to inhibit the disclosure of sensitive information must be necessitated by a compelling governmental interest, and narrowly tailored to serve that interest." *United States v. Kwok Cheung Chow*, No. 14-cr-00196-CRB(JCS), 2015 WL 5094744, at *3 (N.D. Cal. Aug. 28, 2015) (citing *Globe Newspaper*, 457 U.S. at 607) (cleaned up). "Further, there must be 'a substantial probability that the interest will be harmed by disclosure,' and 'no adequate alternatives to maintaining the filings under seal.'" *Id.* (quoting *Index Newspapers*, 766 F.3d at 1095).

"As to the common law, there is a strong presumption in favor of access to court records. A party seeking to seal a judicial record can overcome this presumption only by showing a 'compelling reason.'" *Sleugh*, 896 F.3d at 1013 (cleaned up).

Here, Ranney filed six Motions to Seal with his pretrial filings. *See* ECF Nos. 97, 109, 114, 134, 146, 152. Overall, Ranney seeks to seal documents attached as exhibits to his filings and to redact parts of his brief. *See id.* The materials at issue in Ranney's first and second Motions to Seal (ECF Nos. 97, 109)[1] were filed in connection with his Motion to Dismiss (ECF No. 94) and his Reply to that Motion (ECF No. 107). The materials at issue in Ranney's third,

[1] Ranney filed his first and second Motions to Seal under seal. ECF Nos. 97, 109. He also filed his first and second Motions to Seal on the public docket. *See* ECF Nos. 96 (Ranney's Unredacted First Motion to Seal), 110 (Ranney's Unredacted Second Motion to Seal).

United States District Court
Northern District of California

fourth, and sixth Motions to Seal (ECF Nos. 114, 134, 152)[2] were filed in connection with his Motion for Reconsideration (ECF No. 112), Reply to that Motion (ECF No. 132), and Sur-Sur-Reply to that Motion (ECF No. 151). And the materials at issue in Ranney's fifth Motion to Seal (ECF No. 146) were filed in connection with Ranney's Opposition to the Government's Motion for Reconsideration (ECF No. 145). The Government filed four Motions to Seal with its pretrial filings. *See* ECF Nos. 128, 130, 143, 154. Overall, the Government seeks to seal documents attached as exhibits to its filings and to redact parts of its briefs. *See id.* The Government's first and third Motions to Seal (ECF Nos. 128, 143)[3] were filed in connection with its Opposition to Ranney's Motion for Reconsideration (ECF No. 127) and request to file Sur-Reply (ECF No. 142). The Government's second and fourth Motions to Seal (ECF Nos. 130, 154)[4] were filed in connection with its Motion for Reconsideration (ECF No. 129) and Reply to that Motion (ECF No. 153). The Court finds that the stronger presumption of access under the First Amendment applies to the materials at issue here. *See United States v. Holmes*, 572 F. Supp. 3d 831, 833–34 (N.D. Cal. 2021) ("The First Amendment right of public access extends to pretrial proceedings as well as documents filed in connection with those proceedings."); *United States v. Schuette*, No. 22-cr-00233-BLF-1, 2023 WL 164012, at *1–2 (N.D. Cal. Jan. 11, 2023) (explaining sealing of exhibit to motion *in limine* requires a compelling reason and request that is narrowly tailored). Because the materials at issue are files generated as part of a judicial proceeding with a presumption of public access under the First Amendment, "[a]ny sealing or redaction must therefore be narrowly tailored to serve compelling reasons." *Chow*, 2015 WL 5094744, at *4.

Criminal Local Rule 56-1 applies to filing material under seal in criminal cases. *See* Crim. L.R. 56-1(a) ("This rule governs requests in criminal cases to file under seal documents or things,

---

[2] Ranney filed his third Motion to Seal under seal. ECF No. 114. He also filed his third Motion to Seal on the public docket. *See* ECF No. 115 (Ranney's Unredacted Third Motion to Seal).

[3] The Government filed its first Motion to Seal under seal. ECF No. 128. It also filed its first Motion to Seal on the public docket. *See* ECF No. 137 (Gov't's Unredacted First Motion to Seal).

[4] The Government filed its second Motion to Seal under seal. ECF No. 130. It also filed its second Motion to Seal on the public docket. *See* ECF No. 138 (Gov't's Unredacted Second Motion to Seal).

whether pleadings, memoranda, declarations, documentary evidence or other evidence."). The Rule recognizes that although the "public has a right of access to the Court's files . . . in some criminal matters, the Court must consider privacy, safety, and law enforcement interests." *Id.* The Rule outlines the procedure for moving to seal material in a criminal case, stating, in pertinent part:

> A party seeking to file material under seal must:
>
> (1) File and, unless the motion is filed ex parte, serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11.

*Id.* at 56-1(c). Under Civil Local Rule 7-11, any opposition to or support for an administrative motion "must be filed no later than 4 days after the motion has been filed" and "must set forth succinctly the reasons in opposition or support." Civ. L.R. 7-11(b).

## III. DISCUSSION

### A. Ranney's Motions To Seal

Ranney filed six Motions to Seal with his pretrial filings. *See* ECF Nos. 97, 109, 114, 134, 146, 152.

#### 1. ECF Nos. 97, 109, 114

On July 23, 2026, Ranney filed his first Motion to Seal in connection with his Motion to Dismiss. ECF Nos. 94, 97. Ranney moves to file two documents under seal: Declaration of Angela Chuang ("Chuang Decl.") (ECF No. 95), Ex. B (ECF No. 95-2); Chuang Decl., Ex. C (ECF No. 95-3). ECF No. 97. Ranney states that sealing is justified by privacy interests. *Id.*

On July 25, 2026, Ranney filed his second Motion to Seal in connection with his Reply to his Motion to Dismiss. ECF Nos. 107, 109. Ranney moves to file one document under seal: Reply Declaration of Angela Chuang ("Chuang Reply Decl.") (ECF No. 108), Ex. J (ECF No. 108-4). ECF No. 109. Ranney states that sealing is justified by privacy interests. *Id.*

On July 26, 2026, Ranney filed his third Motion to Seal in connection with his Motion for Reconsideration. ECF Nos. 112, 114. Ranney moves to file three documents under seal: Declaration of Angela Chuang in Support of Motion for Reconsideration ("Chuang Recon. Decl.") (ECF No. 113), Ex. C (ECF No. 113-3); Chuang Recon. Decl., Ex. D (ECF No. 113-4); Chuang

United States District Court
Northern District of California

Recon. Decl., Ex. E (ECF No. 113-5). ECF No. 114. Ranney states that sealing is justified by privacy interests. *Id.*

On August 3, 2026, the Government filed a response to Ranney's first three Motions to Seal. ECF No. 123. The Government supports all three of Ranney's Motions to Seal because:

> (i) all of the aforementioned exhibits contain personal, sensitive, and confidential information, are related to internal agency investigation, training, and/or disciplinary action, and/or are derived from a government employee's personnel file(s), and therefore (ii) have been designated confidential Protected *Henthorn/Giglio* Information and are subject to the Court's *Henthorn/Giglio* Protective Order.

*Id.* (citing ECF No. 90).

The Court has reviewed the files to be sealed and agrees that sealing is warranted. First, the Court finds that a compelling government interest necessitates sealing. Specifically, the Court finds that law enforcement has a compelling interest in preventing the public disclosure of documents depicting confidential internal law enforcement investigations and personnel files. *Cf. Hesterberg v. United States*, No. C-13-01265-JSC, 2013 WL 6057068, at *1–2 (N.D. Cal. Nov. 15, 2013) (finding compelling reason exists to seal nonpublic portions of law enforcement manual); *contra Gammage v. City of San Francisco*, No. 18-cv-05604-JCS, 2020 WL 1904498, at *3 n.7 (N.D. Cal. Apr. 17, 2020) (denying motion to seal video footage depicting law enforcement activities "on a public street"). Second, the Court finds that the sealing requests are narrowly tailored to serve this compelling interest. The parties request sealing of documents disclosing extensive details of internal law enforcement actions or employee personnel files.

Accordingly, the Court **GRANTS** Ranney's first Motion to Seal Chuang Decl., Ex. B (ECF No. 95-2); and Chuang Decl., Ex. C (ECF No. 95-3). The Court **GRANTS** Ranney's second Motion to Seal Chuang Reply Decl., Ex. J (ECF No. 108-4). The Court **GRANTS** Ranney's third Motion to Seal Chuang Recon. Decl., Ex. C (ECF No. 113-3); Chuang Recon. Decl., Ex. D (ECF No. 113-4); and Chuang Recon. Decl., Ex. E (ECF No. 113-5).

**2. ECF No. 134**

On August 14, 2026, Ranney filed his fourth Motion to Seal in connection with his Reply to his Motion for Reconsideration. ECF Nos. 132, 134. Ranney moves to file five documents

under seal: Declaration of Angela Chuang in Support of Motion for Reconsideration Reply ("Chuang Recon. Reply Decl.") (ECF No. 133), Ex. F (ECF No. 133-1); Chuang Recon. Reply Decl., Ex. G (ECF No. 133-2); Chuang Recon. Reply Decl., Ex. H (ECF No. 133-3); Chuang Recon. Reply Decl., Ex. J (ECF No. 133-5); Chuang Recon. Reply Decl., Ex. K (ECF No. 133-6). ECF No. 134. Ranney states that sealing is justified by privacy interests. *Id.*

On August 18, 2026, the Government filed a response to Ranney's fourth Motion to Seal. ECF No. 141. The Government supports Ranney's Motion to Seal because:

> (i) all of the aforementioned exhibits contain personal, sensitive, and confidential information, are related to internal agency investigation, training, and/or disciplinary action, and/or are derived from a government employee's personnel file(s), and therefore (ii) have been designated confidential Protected *Henthorn/Giglio* Information and are subject to the Court's *Henthorn/Giglio* Protective Order.

*Id.* (citing ECF No. 90).

The Court has reviewed the files to be sealed and agrees that sealing is warranted. The Court finds that law enforcement has a compelling interest in preventing the public disclosure of these documents because they depict confidential internal law enforcement investigations and personnel files. The Court further finds that the sealing requests are narrowly tailored to serve this compelling interest as the parties request sealing of documents disclosing extensive details of internal law enforcement actions or employee personnel files.

Accordingly, the Court **GRANTS** Ranney's fourth Motion to Seal Chuang Recon. Reply Decl., Ex. F (ECF No. 133-1); Chuang Recon. Reply Decl., Ex. G (ECF No. 133-2); Chuang Recon. Reply Decl., Ex. H (ECF No. 133-3); Chuang Recon. Reply Decl., Ex. J (ECF No. 133-5); and Chuang Recon. Reply Decl., Ex. K (ECF No. 133-6).

**3. ECF Nos. 146, 152**

On August 24, 2026, Ranney filed his fifth Motion to Seal in connection with his Opposition to the Government's Motion for Reconsideration. ECF Nos. 145, 146. Ranney moves to file two documents under seal: Declaration of Samantha Jaffe ("Jaffe Decl.") (ECF No. 145-1), Ex. A (ECF No. 145-2); Jaffe Decl., Ex. B (ECF No. 145-2). ECF No. 146. Ranney states that sealing is justified by privacy interests. *Id.* Ranney also moves to redact portions of his

Opposition to the Government's Motion for Reconsideration (ECF No. 145). *Id.* Ranney states: "The sealed materials were produced pursuant to a protective order. The government has requested all reference to them be redacted in public filings. The defense has proposed redactions to conform to the government's request." *Id.*

On August 31, 2026, Ranney filed his sixth Motion to Seal in connection with his Sur-Sur-Reply to his Motion for Reconsideration. ECF Nos. 151, 152. Ranney moves to file one document under seal: Declaration of Samantha Jaffe in Support of Sur-Sur-Reply ("Jaffe Sur-Sur-Reply Decl.") (ECF No. 151-1), Ex. N (ECF No. 151-2). ECF No. 152. Ranney states that sealing is justified by privacy interests. *Id.*

The Government did not file a response to Ranney's fifth Motion to Seal.

On September 4, 2026, the Government filed a response to Ranney's sixth Motion to Seal. ECF No. 157. The Government supports Ranney's sixth Motion to Seal because:

> it contains personal, sensitive, and confidential information partly derived from an employee personnel file, has therefore been designated as Protected *Henthorn/Giglio* Information, and is subject to the Court's *Henthorn/Giglio* Protective Order.

*Id.* (citing ECF No. 90).

The Court has reviewed the files to be sealed and agrees that sealing is warranted for the exhibits attached to the filings. The Court finds that law enforcement has a compelling interest in preventing the public disclosure of these documents because they depict confidential internal law enforcement investigations and personnel files. The Court further finds that the sealing requests are narrowly tailored to serve this compelling interest as the parties request sealing of documents disclosing extensive details of internal law enforcement actions or employee personnel files.

However, the Court does not agree that the proposed redactions for Ranney's Opposition are warranted. Unlike the exhibits—which contain entire investigative reports, internal policies, and documents from employee personnel files—the Opposition brief only selectively quotes from these exhibits. The proposed redactions are not narrowly tailored as most of the redacted information appears in Ranney's unredacted Reply to his Motion for Reconsideration (ECF No. 132) which was filed on the public docket. At the Government's request, Ranney redacted all

United States District Court
Northern District of California

references to certain materials in his Opposition brief. ECF No. 146. But the Government does not explain why redaction is necessary for information contained in public filings. Moreover, it is not clear why it is necessary to redact select information pertaining to a general use of force policy. It is no secret that this case involves allegations of unlawful force. *Cf. Hunter v. City & Cnty. of San Francisco*, No. 11-4911-JSC, 2013 WL 2319064, at *3 (N.D. Cal. May 28, 2013).

Accordingly, the Court **GRANTS** Ranney's fifth Motion to Seal Jaffe Decl., Ex. A (ECF No. 145-2) and Jaffe Decl., Ex. B (ECF No. 145-2). The Court **GRANTS** Ranney's sixth Motion to Seal Jaffe Sur-Sur-Reply Decl., Ex. N (ECF No. 151-2). The Court **DENIES** Ranney's request to redact portions of his Opposition (ECF No. 146-1). The Court **ORDERS** the parties to meet and confer and file within four days (1) proposed narrowly tailored redactions to the Opposition, along with an explanation of why the redactions are justified; or (2) an unredacted version of the Opposition on the public docket.

### B. The Government's Motions To Seal

The Government filed four Motions to Seal with its pretrial filings. *See* ECF Nos. 128, 130, 143, 154.

#### 1. ECF Nos. 128, 130

On August 7, 2026, the Government filed its first Motion to Seal in connection with its Opposition to Ranney's Motion for Reconsideration. ECF Nos. 127, 128. The Government moves to file one document under seal: Declaration of Eli J. Cohen ("Cohen Decl.") (ECF No. 127-1), Ex. A (ECF No. 127-1). ECF No. 128. The Government states that sealing is justified because the document "consists of proprietary federal law enforcement training records, reflects sensitive law enforcement information, and is designated as Protected *Henthorn/Giglio* Information." *Id.*

On August 7, 2026, the Government filed its second Motion to Seal in connection with its Motion for Reconsideration. ECF Nos. 129, 130. The Government moves to file one document under seal: Declaration of E. Wistar Wilson ("Wilson Decl.") (ECF No. 129-2), Ex. C (ECF No. 129-5). ECF No. 130. The Government also moves to redact portions of its Motion for Reconsideration (ECF No. 129-1). *Id.* The Government states that it "seeks to file this exhibit

United States District Court
Northern District of California

and references to its contents under seal because it reflects confidential and/or sensitive law enforcement information and is designated as Protected *Henthorn/Giglio* Information." *Id.*

On August 17, 2026, Ranney filed a response stating that he does not oppose the Government's first and second Motions to Seal. ECF No. 139.

The Court has reviewed the files to be sealed and agrees that sealing is warranted for the exhibits attached to the filings. The Court finds that law enforcement has a compelling interest in preventing the public disclosure of these documents because they depict confidential internal law enforcement investigations and personnel files. The Court further finds that the sealing requests are narrowly tailored to serve this compelling interest as the parties request sealing of documents disclosing extensive details of internal law enforcement actions or employee personnel files.

However, the Court does not agree that the proposed redactions for the Government's Motion for Reconsideration are warranted. As discussed above, it is not clear why it is necessary to redact select information pertaining to an officer's use of force when this case involves allegations of unlawful force. And again, the proposed redactions cover information similar to that already disclosed in the public record.

Accordingly, the Court **GRANTS** the Government's first Motion to Seal Cohen Decl., Ex. A (ECF No. 127-1). The Court **GRANTS** the Government's second Motion to Seal Wilson Decl., Ex. C (ECF No. 129-5). The Court **DENIES** the Government's request to redact portions of its Motion for Reconsideration (ECF No. 129-1). The Court **ORDERS** the Government to file within four days (1) proposed narrowly tailored redactions to the Motion for Reconsideration, along with an explanation of why the redactions are justified; or (2) an unredacted version of the Motion for Reconsideration on the public docket.

**2. ECF Nos. 143, 154**

On August 22, 2026, the Government filed its third Motion to Seal in connection with its request to file Sur-Reply to Ranney's Motion for Reconsideration. ECF Nos. 142, 143. The Government moves to file one document under seal: Declaration of Eli J. Cohen in Support of Sur-Reply ("Cohen Sur-Reply Decl.") (ECF No. 142-2), Ex. C (ECF No. 142-5). ECF No. 143. The Government also moves to redact portions of three documents: Sur-Reply (ECF No. 142-1);

United States District Court
Northern District of California

Cohen Sur-Reply Decl.; Cohen Sur-Reply Decl., Ex. B (ECF No. 142-4). *Id.* The Government states that it "seeks to file this exhibit and references to its contents, as well as references to the contents of other sealed or protected documents, under seal because they reflect confidential and/or sensitive law enforcement information and are designated as Protected *Henthorn/Giglio* Information." *Id.*

On September 1, 2026, the Government filed its fourth Motion to Seal in connection with its Reply to its Motion for Reconsideration. ECF Nos. 153, 154. The Government moves to file one document under seal: Declaration of E. Wistar Wilson in Support of Motion for Reconsideration Reply ("Wilson Recon. Reply Decl.") (ECF No. 153-1), Ex. A (ECF No. 153-2). ECF No. 154. The Government also moves to redact portions of two documents: Reply (ECF No. 153); Wilson Recon. Reply Decl. *Id.* The Government states that it "seeks to file this exhibit and references to its contents, as well as references to the contents of other sealed or protected documents, under seal because they reflect confidential and/or sensitive law enforcement information and are designated as Protected *Henthorn/Giglio* Information." *Id.*

The Court has reviewed the files to be sealed and agrees that sealing is warranted for Cohen Sur-Reply Decl., Ex. C and Wilson Recon. Reply Decl., Ex. A. The Court finds that law enforcement has a compelling interest in preventing the public disclosure of these documents because they depict confidential internal law enforcement investigations and personnel files. The Court further finds that the sealing requests are narrowly tailored to serve this compelling interest as the parties request sealing of documents disclosing extensive details of internal law enforcement actions or employee personnel files.

However, the Court does not agree that the proposed redactions for the Government's Sur-Reply; Cohen Sur-Reply Decl.; Cohen Sur-Reply Decl., Ex. B; Reply; and Wilson Recon. Reply Decl. are warranted. Again, many of the proposed redactions cover the exact same information that appears in Ranney's unredacted Reply to his Motion for Reconsideration (ECF No. 132).

Accordingly, the Court **GRANTS** the Government's third Motion to Seal Cohen Sur-Reply Decl., Ex. C (ECF No. 142-5). The Court **GRANTS** the Government's fourth Motion to Seal Wilson Recon. Reply Decl., Ex. A (ECF No. 153-2). The Court **DENIES** the Government's

request to redact portions of its Sur-Reply (ECF No. 142-1); Cohen Sur-Reply Decl. (ECF No. 142-2); Cohen Sur-Reply Decl., Ex. B (ECF No. 142-4); Reply (ECF No. 153); and Wilson Recon. Reply Decl. (ECF No. 153-1). The Court **ORDERS** the Government to file within four days (1) proposed narrowly tailored redactions to the five documents at issue, along with an explanation of why the redactions are justified; or (2) an unredacted version of the five documents at issue on the public docket.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Ranney's Motions to Seal at ECF Nos. 97, 109, 114, 134, and 152. The Court **GRANTS IN PART and DENIES IN PART** Ranney's Motion to Seal at ECF No. 146. The Court **GRANTS** the Government's Motion to Seal at ECF No. 128. The Court **GRANTS IN PART and DENIES IN PART** the Government's Motions to Seal at ECF Nos. 130, 143, and 154.

**IT IS SO ORDERED.**

Dated: September 8, 2026



THOMAS S. HIXSON
United States Magistrate Judge