United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
CALEB ALEXANDER RANNEY,
Defendant.

Case No. 25-cr-00416-TSH-1

**ORDER RE: DEFENDANT'S SUPPLEMENTAL MOTION IN LIMINE**

Re: Dkt. No. 100

The United States Attorney's Office (the "Government") charged Defendant Caleb Alexander Ranney with two criminal offenses: (1) Assault on a Federal Officer (violation of 18 U.S.C. § 111(a)(1)); and (2) Destruction of Government Property (violation of 18 U.S.C. § 1361). ECF No. 1. The case is set to proceed to jury trial on October 5, 2026. ECF No. 116.

The Court previously ruled on the parties' motions *in limine* submitted with their pretrial filed. *See* ECF No. 74 (Order on Motions *In Limine*). On July 24, 2026, Ranney filed the instant Supplemental Motion *In Limine* regarding altered video evidence the Government produced to him after the parties' pretrial motions *in limine* were due. ECF No. 100 ("Mot."). On July 31, 2026, the Government filed an Opposition. ECF No. 120 ("Opp."). On August 6, 2026, Ranney filed a Reply. ECF No. 126 ("Reply").

Ranney requests the Court preclude the Government from introducing at trial Government Exhibits 79–87 and 95–99. Mot. at 4. Specifically, Exhibits 79, 80, 82–85, and 95–97 are "zoomed-in still photographs"; Exhibits 81, 86, and 98 are "slow-motion (slo-mo) video clips"; and Exhibits 87 and 99 are "slo-mo zoomed-in video clips." *Id.* at 1; *see* Opp. at 2. Ranney argues that the Government's evidence (1) is inadmissible because it lacks authentication; and (2) is subject to exclusion under Rule 403 because it is unduly prejudicial, misleading, and lacks

probative value. Mot. at 1, 3.

**A. Authentication**

Ranney argues that the Government's evidence is inadmissible under Rule 901 because the Government "has not noticed an expert or other individual qualified to testify as to how these exhibits were produced (and the deadline to so has passed)." Mot. at 1. The Government contends that it can "call as a witness the individual who created these stills and clips, a Litigation Technology Unit Specialist within the U.S. Attorney's Office for the Northern District of California, to explain the process by which those items were created and the program used to do so and thereby authenticate the modified videos and stills." Opp. at 3.

"Authentication is a condition precedent to admissibility." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (cleaned up). To authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901.

Here, the Government concedes that it must authenticate the evidence at issue prior to seeking its admission at trial. Opp. at 3. The Court agrees with Ranney that this evidence requires expert testimony for authentication. Mot. at 1–3; *see In re Hays*, No. 19-40502, 2020 WL 6877146, at *5 (Bankr. E.D. Tex. Sept. 16, 2020) (explaining witness's video "enhancement activities are generally beyond the ken of an average layman and his efforts are clearly designed to assist the factfinder in utilizing the recorded images to determine the truth. That brings him into the realm of an expert and the fact that his enhancements pertain to the original surveillance video changes nothing."); *cf., e.g., Gray v. Perry*, No. 2:15-cv-05642-CAS(JCx), 2019 WL 2992007, at *17 (C.D. Cal. July 5, 2019) ("[I]n the absence of testimony from the creators of those videos as to the manner by which they altered the sound recordings, the Court finds that these videos cannot be properly authenticated under Federal Rule of Evidence 901[.]"); *Zeen v. Cnty. of Sonoma*, No. 17-cv-02056-LB, 2018 WL 3769867, at *2 (N.D. Cal. Aug. 9, 2018) (ruling "forensic-imaging expert . . . may testify about how he enhanced the video footage"). The parties were required to exchange expert disclosures by June 3, 2026. *See* Reply at 3 (citing ECF No. 21 (Order Setting Pretrial Deadlines)). And the Government does not dispute that it did not notice an expert witness

to testify as to the evidence at issue. Mot. at 1; *see generally* Opp.

The Government argues that it may "call as a witness the individual who created [the] stills and clips" because the parties included language in their witness lists "that such lists could be supplemented or modified at any time prior to and/or during trial." Opp. at 2–3; *see* ECF No. 36 (Gov't Witness List). But the Court did not permit the untimely disclosure of expert witnesses. In sum, the Court agrees with Ranney that the Government may not call an unnoticed expert witness at the eleventh hour. Reply at 3. Therefore, the Government cannot authenticate the evidence at issue.

Accordingly, the Court concludes that Government Exhibits 79–87 and 95–99 are inadmissible under Rule 901.

**B. Alternatives Proposed By Government**

The Government argues that alternatively, the Court should "permit authentication of these items and presentation of them as illustrative aids under Rule 107." Opp. at 2.

The Federal Rules of Evidence state: "The court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time." Fed. R. Evid. 107(a).

Here, the Court agrees with Ranney that the Government cannot "do through illustrative aids what it cannot do through admitted, properly authenticated exhibits." Reply at 4–6. The Government argues that "upon authentication," the Court should permit the Government to present the evidence "as illustrative aids." Opp. at 5. But as discussed, the Government cannot properly authenticate the evidence. Moreover, Rule 107 is inapplicable to the Government's request as the Government intends to present the evidence at issue to permit the jury "to observe critical details necessary to their fact-finding task." *Id.* However, "an illustrative aid is by definition not offered to prove a fact in dispute"—the purpose for presenting such an aid "is not to 'demonstrate' how an event occurred but rather to help the trier of fact understand evidence or argument that is being or has been presented." 2024 Adv. Comm. Notes, Fed. R. Evid. 107. Therefore, because the Government plans to use the evidence to prove key facts, Rule 107 does not provide a backdoor to

get the evidence in front of the jury.

Next, the Government argues that alternatively, the Court should "allow the government to use standard trial presentation software to display the videos using the slow motion and/or zoom features of the software." Opp. at 2. The Government asserts that the OnCue trial presentation software includes a slow-motion feature and a zoom feature. *Id.* at 5–6. Ranney responds that the Court should deny the request under Rule 403. Reply at 4–6.

Here, the Government's request does not pose an authentication issue as the Government seeks to modify admitted exhibits in real time during trial. Opp. at 5. The Government argues that the "approach would be nearly identical to that used by the government" in *United States v. DePape*. *Id.* (citing Declaration of E. Wistar Wilson (ECF No. 120-1), Ex. B (Transcript of Trial Proceedings Volume 3 (ECF No. 212), No. 22-cr-0426-JSC (N.D. Cal. Dec. 26, 2023)) (ECF No. 120-3)). In *DePape*, the government's case agent testified that they previously used a VLC player to slow down a video exhibit; the agent then demonstrated how the video was slowed down by using a VLC player during trial to slow the video down in real time. Wilson Decl., Ex. B at 433:15–434:3, 558:2–561:14. However, unlike in *DePape*, the Government does not identify a testifying witness who used the OnCue software prior to trial to manipulate the evidence at issue and who could lay a foundation at trial for demonstrating that software to the jury. Seemingly, the Government plans to have counsel "use the OnCue's trial presentation software" to manipulate admitted exhibits during trial. Opp. at 5. But Government counsel cannot act as witnesses and thus cannot lay a foundation for the use of live software. Because the Government does not explain how it can lay a foundation for the use of trial presentation software, the Court does not reach Ranney's argument under Rule 403.

### C. Conclusion

Because the Government cannot authenticate Exhibits 79–87 and 95–99, the Court **GRANTS** Ranney's Motion to preclude the Government from introducing them at trial. The Government may seek to use slow motion and zoom features on trial presentation software to display admitted exhibits if it can call a witness who can lay an appropriate foundation for the use of such software, subject to any objections by Ranney not discussed in this order, such as under

Rule 403.

**IT IS SO ORDERED.**

Dated: September 9, 2026

THOMAS S. HIXSON
United States Magistrate Judge